IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| STAR INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BIG LAKE CONTRACTORS, INC.;<br>3J & ASSOCIATES, LLC; DACH'NA<br>PIERRE; and SOLANGE ESTINFORT,<br>as the Administrator of the Estate of<br>RICHARD PIERRE, Deceased;<br><br>Defendants. | CIVIL ACTION NO. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Star Insurance Company ("Star" or "Plaintiff") shows this Honorable Court the following:

*Nature of Action*

1. This case is an action for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Star and the Defendants, i.e., whether Star owes any insurance coverage obligations to the Defendants with respect to the claims asserted by Dach'na Pierre and Solange Estinfort against Big Lake Contractors, Inc., and 3J & Associates, LLC, or the lawsuit known as *Dach'na Pierre, Individually, and Solange Estinfort, as the Administrator of the Estate of Richard Pierre, Deceased, v. 3J & Associates, LLC, Big*

*Lake Contractors, Inc., and South Georgia Corn, Inc.,* Superior Court of Seminole County, State of Georgia, Civil Action No. CV20-0140 ("Underlying Lawsuit").

## *Parties, Jurisdiction, and Venue*

2. Star is a Michigan corporation with its principal place of business in Southfield, Michigan.

3. Defendant Big Lake Contractors, Inc., is a Florida corporation with its principal place of business in Belle Glade, Florida.

4. Defendant 3J & Associates, LLC, is a Florida limited liability company with its principal place of busines in Cape Coral, Florida.

5. Defendant 3J & Associates, LLC's only members are Russell B. Reaves and Sherri T. Reaves, upon information and belief and publicly available information.

6. Upon information and belief and publicly available information, Russell B. Reaves resides and is domiciled in Florida, is a citizen of Florida, and intends to remain a citizen of Florida indefinitely.

7. Upon information and belief and publicly available information, Sherri T. Reaves resides and is domiciled in Florida, is a citizen of Florida, and intends to remain a citizen of Florida indefinitely.

8. Defendant Dach'na Pierre ("Pierre") resides and is domiciled in South Carolina, is a citizen of South Carolina, and intends to remain a citizen of South Carolina indefinitely.

9. Defendant Solange Estinfort ("Estinfort") resides and is domiciled in Florida, is a citizen of Florida, and intends to remain a citizen of Florida indefinitely.

10. Star is suing Estinfort in her capacity as the administrator of the Estate of Richard Pierre.

11. Immediately prior to his death, Richard Pierre was domiciled in and was a resident and citizen of Florida and intended to remain a citizen of Florida indefinitely.

12. A substantial part of the events or omissions giving rise to Star's claim for declaratory judgment in this lawsuit occurred in the Middle District of Georgia.

13. Defendant Big Lake Contractors, Inc., is subject to personal jurisdiction and venue in this Court.

14. Defendant 3J & Associates, LLC, is subject to personal jurisdiction and venue in this Court.

15. Pierre is subject to personal jurisdiction and venue in this Court.

16. Estinfort, as the administrator of the Estate of Richard Pierre, is subject to personal jurisdiction and venue in this Court.

17. The Court has jurisdiction over this action under 28 U.S.C. §1332.

18. Plaintiff is a citizen of a different state than all Defendants.

19. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

20. This Court also has jurisdiction under 28 U.S.C. § 2201, in that Star is seeking a declaration from this Court regarding the rights and obligations with respect to an insurance policy issued by Star.

*Background Facts*

21.     Pierre and Estinfort filed their *Complaint for Wrongful Death, Pain and Suffering, and Other Damages and Demand for Jury Trial* in the Underlying Lawsuit on October 26, 2020, naming Big Lake Contractors, Inc., 3J & Associates, LLC, and South Georgia Corn, Inc., as defendants.

22.     A true and accurate copy of that complaint is attached to this complaint as Exhibit A.

23.     In their complaint, Pierre and Estinfort alleged that Richard Pierre and other individuals were hired by 3J & Associates, LLC, and contracted by Big Lake Contractors, Inc., to do farm work on South Georgia Corn, Inc.'s property and that one of those individuals was Sylvain Fedlerson, a man with extensive criminal history. *See Complaint* [Ex. A], ¶¶ 9-10.

24.     In their complaint, Pierre and Estinfort also alleged that, on the evening of October 27, 2018, well after work had been done for the day, Sylvain Fedlerson attacked Richard Pierre right outside of an apartment building on the farming property, slamming him on the concrete multiple times, causing a traumatic brain injury. *See Complaint* [Ex. A], ¶ 11.

25.     In their complaint, Pierre and Estinfort also alleged that Richard Pierre was transported to Donalsonville Hospital where he was treated for his injuries; was transported to a hospital in Dothan, Alabama, after his conditioned worsened; and succumbed to his injuries on November 21, 2018." *See Complaint* [Ex. A], ¶ 12.

- 5 -

26. In their complaint, Pierre and Estinfort also alleged that Fedlerson was charged with Felony Murder, Aggravated Battery, and Possession of a Schedule I Controlled Substance in Seminole County Superior Court, was adjudicated guilty of Aggravated Battery, was sentenced to twenty years, and is currently serving his sentence in the Georgia Correctional System." *See Complaint* [Ex. A], ¶¶ 13-14.

27. In their complaint, Pierre and Estinfort included "Count I (Negligence of 3J & ASSOCIATES, LLC)," in which they alleged that 3J had a duty to supply qualified workers who would not be a danger or threat to anyone they came into contact with (including Richard Pierre), to properly vet any potential workers, to see if any potential workers had criminal or violent backgrounds, and, "if such checkered histories were discovered" to make sure "such dangerous applicants were not hired." *See Complaint* [Ex. A], ¶¶ 15-16.

28. In their complaint, Pierre and Estinfort included "Count II (Negligence of Big Lake Contractors)," in which they alleged that Big Lake Contractors had a duty of ordinary care to contract with companies that provided a safe environment for all workers on the farm (including Richard Pierre), to make sure the property where it did business was safe for all of its workers and had adequate security and supervision of its workers (including Richard Pierre), and to make sure that the staffing company took proper precautions when hiring workers. *See Complaint* [Ex. A], ¶¶ 20-22.

29. In their complaint, Pierre and Estinfort also alleged that Big Lake Contractors had constructive or actual knowledge that 3J was not vetting the workers it was supplying and/or knowingly supplying dangerous individuals for work and that

South Georgia Corn was not providing a safe environment or adequate security and supervision. *See Complaint* [Ex. A], ¶¶ 25-26).

30. In their complaint, Pierre and Estinfort seek damages for Richard Pierre's injuries and pain and suffering and the full value of his life, and all other elements of damages allowed under Georgia law, including punitive damages and attorneys' fees and expenses.

31. Thomas C. Holt, Jr., is the president of Big Lake Contractors, Inc., and has continuously held that position from before January 2018 to the present.

32. Thomas C. Holt, Jr., advised Star that Richard Pierre was Big Lakes Contractors, Inc.'s employee, hired directly by Big Lake Contractors, Inc., as a harvester.

33. Richard Pierre was Big Lake Contractors, Inc.'s employee on October 27, 2018.

34. Sylvain Fedlerson was Big Lake Contractors, Inc.'s employee on October 27, 2018.

35. Upon information and belief, Richard Pierre was also 3J & Associates, LLC's employee on October 27, 2018.

36. Upon information and belief, Sylvain Fedlerson was also 3J & Associates, LLC's employee on October 27, 2018.

37. Thomas C. Holt, Jr., advised Star that the October 27, 2018 incident involving Richard Pierre occurred in housing owned by South Georgia Corn, Inc., and

provided for employees of Big Lake Contractors, Inc., while they were harvesting in Georgia.

*Star's Policy*

38. Star issued a Commercial Lines Policy, with Policy Number CP0931511, to Big Lake Contractors Inc. as the Named Insured. That policy is hereinafter referred to as "Policy."

39. A true, accurate, and certified copy of the Policy (with premium amounts redacted) is attached to this complaint as Exhibit B.

40. The Policy has a policy period of May 21, 2018, to May 21, 2019.

41. The Policy's Commercial General Liability Declarations include a $1,000,000 Each Occurrence Limit and a $2,000,000 General Aggregate Limit.

42. The Policy includes a Commercial General Liability Coverage Form "CGL form", which includes an Insuring Agreement under Coverage A, which provides in part:

> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> 
> **1. Insuring Agreement**
> 
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. ….

43. That Insuring Agreement also provides, "This insurance applies to 'bodily injury' and 'property damage' only if: **(1)** The 'bodily injury' or 'property

damage' is caused by an 'occurrence' …."

44. The CGL form defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

45. The CGL form defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

46. The CGL form includes the following exclusions under Coverage A, among others:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> **a. Expected Or Intended Injury**
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
>
> **b. Contractual Liability**
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> **(1)** That the insured would have in the absence of the contract or agreement; or
>
> **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
>
> **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

      **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

* * *

  **d. Workers' Compensation And Similar Laws**

    Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

  **e. Employer's Liability**

    "Bodily injury" to:

    **(1)** An "employee" of the insured arising out of and in the course of:

      **(a)** Employment by the insured; or

      **(b)** Performing duties related to the conduct of the insured's business; or

    **(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

    This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

    This exclusion does not apply to liability assumed by the insured under an "insured contract".

47. Under Coverage B, Personal and Advertising Injury Liability, the CGL form provides, "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which his insurance applies."

48. The CGL form defines "personal and advertising injury" as follows:

  **14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.** False arrest, detention or imprisonment;

    **b.** Malicious prosecution;

    **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

> e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
>
> f. The use of another's advertising idea in your "advertisement"; or
>
> g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

49. Under Coverage C, Medical Payments, the CGL form provides coverage for certain medical expenses for "bodily injury" caused by an accident.

50. Coverage C of the CGL form includes the following exclusions, among others:

> **2. Exclusions**
> We will not pay expenses for "bodily injury":
> a. **Any Insured**
> To any insured, except "volunteer workers".
> b. **Hired Person**
> To a person hired to do work for or on behalf of any insured or a tenant of any insured.
> c. **Injury On Normally Occupied Premises**
> To a person injured on that part of premises you own or rent that the person normally occupies.
> d. **Workers Compensation And Similar Laws**
> To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.
> * * *
> g. **Coverage A Exclusions**
> Excluded under Coverage **A**.

51. The Policy includes a Punitive Damages Exclusion, which applies to the CGL form and other coverage forms, which provides:

> This insurance does not apply to any claim of, or indemnification for:
> 1. Punitive damages, exemplary damages or aggravating circumstances damages, whether arising out of the acts of an insured, insured's employees or any other person;
> 2. Fines, penalties or sanctions imposed by law; or
> 3. Any damages awarded pursuant to statute in the form of double, treble or other multiple damages in excess of compensatory damages.

52. The Policy's CGL form includes the following conditions, among others:

   **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
   * * *
   **2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   c. You and any other involved insured must:

      (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
   * * *
   **3. Legal Action Against Us**

   No person or organization has a right under this Coverage Part:

   a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

   b. To sue us on this Coverage Part unless all of its terms have been fully complied with. ….

53. 3J & Associates, LLC, is not shown as a Named Insured in the Policy.

54. 3J & Associates, LLC's name does not appear in the Policy.

55. The Policy's CGL form includes the following under "Supplementary Payments – Coverages A and B":

2. If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

   a. The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

   b. This insurance applies to such liability assumed by the insured;

   c. The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

   d. The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

   e. The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

   f. The indemnitee:

      (1) Agrees in writing to:

         (a) Cooperate with us in the investigation, settlement or defense of the "suit";

         (b) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

         (c) Notify any other insurer whose coverage is available to the indemnitee; and

         (d) Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

      (2) Provides us with written authorization to:

         (a) Obtain records and other information related to the "suit"; and

         (b) Conduct and control the defense of the indemnitee in such "suit".

   So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of Paragraph **2.b.(2)** of Section I Coverage **A** - Bodily Injury And Property Damage Liability, such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the limits of insurance.

> Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when we have used up the applicable limit of insurance in the payment of judgments or settlements or the conditions set forth above, or the terms of the agreement described in Paragraph **f.** above, are no longer met.

*Communications Concerning the Underlying Claims*

56. In a letter dated April 6, 2019, attorney Patrick J. Dyer advised Big Lake Contractors that his office represented Estinfort on behalf of her son, Richard Pierre, stating that Richard Pierre "died from injuries he sustained on October 27, 2018, while under your employment" and asking for information about insurance for the claim.

57. A copy of that letter was forwarded to Star on May 6, 2019, with an Acord General Liability Notice of Occurrence/Claim, stating, "An employee of the insured was involved in a fight at the housing provided to employees that resulted in his death."

58. This May 6, 2019 notice was the first notice to Star of the October 27, 2018 incident involving Richard Pierre and was also the first notice to Star of Estinfort's claim.

59. No person or entity notified Star of the October 27, 2018 incident involving Richard Pierre or any related claims until May 6, 2019.

60. Star first received notice of the Underlying Lawsuit on January 14, 2021, from the insurer for South Georgia Corn, Inc.

61. No person or entity notified Star of the Underlying Lawsuit until

January 14, 2021.

62. Big Lake Contractors, Inc., had notice of the October 27, 2018 incident involving Richard Pierre and his subsequent death before January 1, 2019.

63. 3J & Associates, LLC, had notice of the October 27, 2018 incident involving Richard Pierre and his subsequent death before January 1, 2019.

64. Big Lake Contractors, Inc., has sought coverage from Star for the Underlying Lawsuit.

65. Star agreed to provide a defense to Big Lake Contractors, Inc., subject to a full reservation of rights.

66. Star is currently providing a defense to Big Lake Contractors, Inc., in the Underlying Lawsuit, subject to a full reservation of rights.

67. A true and accurate copy of the May 14, 2019 reservation of rights letter to Big Lake Contractors Inc. is attached hereto as Exhibit C.

68. A supplemental reservation of rights letter was sent to Big Lake Contractors, Inc., on December 20, 2019, and a true and accurate copy of that letter is attached hereto as Exhibit D.

69. A second supplemental reservation of rights letter was sent to Big Lake Contractors, Inc., on February 2, 2021, and a true and accurate copy of that letter is attached hereto as Exhibit E.

70. In a letter dated March 9, 2021, 3J & Associate, LLC's attorney Kelly Christopher demanded that Big Lake Contractors, Inc., "assume the defense of and indemnify" 3J in the Underlying Lawsuit, referencing a Client Services Agreement

between 3J & Associates, LLC, and "Big Lake Contracting, Inc."

71.     That March 9, 2021 letter is attached hereto as <u>Exhibit F</u>.

72.     The Client Services Agreement provided with that letter is attached hereto as <u>Exhibit G</u>.

73.     Star has agreed to provide a defense to 3J & Associates, LLC, in the Underlying Lawsuit, subject to a full reservation of rights, if conditions d, e, and f are satisfied. *See* paragraph 56, above.

### *Declaratory Judgment*

74.     Star is in a position of uncertainty or insecurity with respect to its rights, status, and other legal relations as to the Policy and its obligations (if any) with respect to the Defendants and the Underlying Lawsuit.

75.     The Policy does not cover the claims of Pierre, the claims of Estinfort, or the Underlying Lawsuit and will not cover any damages awarded therein, because those claims and damages do not qualify for coverage under the Policy's Insuring Agreements and/or because exclusions or conditions in the Policy preclude coverage.

76.     The Policy does not cover the claims of Pierre, the claims of Estinfort, or the Underlying Lawsuit under Coverage A of the CGL form, to the extent that they do not involve any "bodily injury" or "property damage" caused by an "occurrence."

77.     The Policy also does not cover the claims of Pierre, the claims of Estinfort, or the Underlying Lawsuit under Coverage A of the CGL form, to the extent that they seek damages that were expected or intended from the standpoint of the insured.

78. The Policy also does not cover the claims of Pierre, the claims of Estinfort, or the Underlying Lawsuit under Coverage A of the CGL form, as the exclusions under Coverage A preclude coverage, including but not limited to the "Expected or Intended Injury," "Contractual Liability," "Workers' Compensation and Similar Laws," and "Employer's Liability" exclusions.

79. The Policy does not cover the claims of Pierre, the claims of Estinfort, or the Underlying Lawsuit under Coverage B of the CGL form, because they do not seek damages because of "personal and advertising injury" and because the exclusions under Coverage B of the Policy's CGL form preclude any such coverage.

80. The plaintiffs in the Underlying Lawsuit have not alleged any "personal or advertising injury."

81. The Policy does not cover the claims of Pierre, the claims of Estinfort, or the Underlying Lawsuit under Coverage C of the CGL form, because they do not come within Coverage C's Insuring Agreement and, even if they did, Coverage C's exclusions preclude coverage.

82. The Policy's Punitive Damages Exclusion bars coverage for any punitive damages sought or awarded in the Underlying Lawsuit.

83. Star was not notified as soon as practicable of the October 27, 2018 incident involving Richard Pierre, which at that time constituted an "occurrence" under the Policy or an offense which may have resulted in a claim.

84. The Policy does not cover any of the claims made in the Underlying Lawsuit and will not cover any damages awarded therein, due to the failure of Big

Lake Contractors, Inc., and 3J & Associates, LLC, to comply with the Policy's terms and conditions.

85. Big Lake Contractors, Inc., breached the Policy's conditions requiring it to see to it that Star receive written notice of any claim brought against any insured as soon as practicable.

86. Big Lake Contractors, Inc., breached the Policy's condition requiring it to see to it that Star receive written notice of any claim or suit brought against any insured as soon as practicable.

87. Big Lake Contractors, Inc., breached the Policy's condition requiring it to immediately send Star copies of any demands, notices, summonses or legal papers received in connection with a claim or suit.

88. 3J & Associates, LLC, does not qualify as an insured under the Policy.

89. 3J & Associates, LLC, does not qualify as an indemnitee of the insured under the Policy's Supplementary Payments provisions. *See* Exhibit B, pp. 28-29.

90. Even if 3J & Associates, LLC, qualified as an indemnitee of the insured under the Policy's Supplementary Payments provisions, none of the conditions that are required to be met for Star to have any duty to defend 3J & Associates, LLC, have been satisfied.

91. Neither Big Lake Contractors, Inc., nor 3J & Associates, LLC, are entitled to coverage under the Policy for the Underlying Lawsuit, because all of the Policy's terms and conditions have not been fully complied with.

92. The Policy does not cover any of the claims made in the Underlying

Lawsuit and will not cover any damages awarded therein

93. Star is entitled to a declaratory judgment that the Policy does not cover the claims of Pierre, the claims of Estinfort, or the Underlying Lawsuit, for the reasons set forth herein.

94. Star relies upon and reserves its rights to rely upon other Policy provisions or legal principles discovered during this action that also may limit or exclude coverage.

WHEREFORE, Plaintiff Star Insurance Company prays:

(a) That each Defendant be required to respond to the allegations set forth in this *Complaint for Declaratory Judgment*;

(b) That this Court declare that Star has no duty to defend or indemnify the Defendants for the October 27, 2018 incident involving Richard Pierre, the claims of Dach'na Pierre, the claims of Susan Estinfort, or the Underlying Lawsuit, or any judgments or awards in that lawsuit;

(c) For such other relief as this Court deems just and proper.

Respectfully submitted,

**Bovis, Kyle, Burch & Medlin, LLC**

/s/ Kim M. Jackson
Georgia Bar No. 387420

/s/ W. Randal Bryant
Georgia Bar No. 092039

*Attorneys for Plaintiff Star Ins. Co.*

200 Ashford Center North, Suite 500
Atlanta, Georgia  30338-2668
(770) 391-9100
kjackson@boviskyle.com
rbryant@boviskyle.com