⧉ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
SEMINOLE COUNTY, GEORGIA

**CV20-0140**

**OCT 26, 2020 10:06 AM**

*Earlene M. Bramlett*
Earlene M. Bramlett, Clerk
Seminole County, Georgia

**IN THE SUPERIOR COURT OF SEMINOLE COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| **DACH'NA PIERRE, Individually** | ) | |
| **And SOLANGE ESTINFORT as the** | ) | |
| **Administrator of the Estate of** | ) | |
| **RICHARD PIERRE, Deceased,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No._____** |
| **vs.** | ) | |
| | ) | |
| **3J & ASSOCIATES, LLC,** | ) | **JURY TRIAL DEMANDED** |
| **BIG LAKE CONTRACTORS, INC.** | ) | |
| **And SOUTH GEORGIA CORN, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT FOR WRONGFUL DEATH, PAIN AND SUFFERING, AND OTHER DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiffs, DACH'NA PIERRE Individually, And SOLANGE ESTINFORT Administrator of the Estate of RICHARD PIERRE, Deceased, and file this, their Complaint for Wrongful Death, Pain and Suffering, and Other Damages and Demand for Jury Trial against Defendants, 3J & Associates, LLC, Big Lake Contractors, Inc. and South Georgia Corn, Inc., and respectfully show this Honorable Court the following:

**EXHIBIT A**

## PARTIES, JURISDICTION, AND VENUE

1.

Richard Pierre, ("Richard"), deceased, was the natural father of Dach'na Pierre and the natural son of Solange Estinfort. Richard Pierre was a resident of Palm Beach County, Florida at the time of his death. Solange Estinfort is a resident of Palm Beach County, Florida. Dach'na Pierre is a resident of Barnwell County, South Carolina.

2.

Richard Pierre died intestate. Solange Estinfort is to be the duly appointed Administrator of the Estate of Richard Pierre, deceased.

3.

3J & ASSOCIATES, LLC ("3J") is a Florida Limited Liability Company. 3J is in the business of providing staff for other companies. 3J was doing business in Seminole County Georgia by way of providing staff that was working in the county. Service may be perfected on 3J by delivering a summons and a copy of this Complaint to its registered agent: PLF Registered Agent, LLC, 1833 Hendry Street, Fort Myers, FL 33901.

4.

BIG LAKE CONTRACTORS, INC. ("Big Lake") is a Florida Profit Corporation. Big Lake is a contractor that oversees and coordinates various jobs, including farm work in Seminole County Georgia. Service may be perfected on Big Lake by delivering a summons and a copy of this Complaint to its registered agent: Thomas C Holt, Jr., 3019 State Road 14, Belle Glade, FL 33430.

5.

SOUTH GEORGIA CORN, INC. ("Georgia Corn") is Georgia Domestic Profit Corporation and property owner. Georgia Corn is in the farming business. Service may be perfected on Georgia Corn by delivering summons and a copy of this Complaint to its registered agent: Bruce W. Kirbo, Jr., 206 W Water Street, Bainbridge, GA 39817.

6.

Jurisdiction is proper because all Defendants are residents of Georgia or subject to the exercise of long-arm jurisdiction. Venue is proper pursuant to O.C.G.A. § 9-10-93.

**FACTS**

7.

Richard Pierre was the natural father of Dach'na Pierre, and the natural son of Solange Estinfort.

8.

Richard Pierre lived with his mother Solange Estinfort in Palm Beach County Florida. Richard worked various jobs in an effort to make a living.

9.

Richard Pierre, along with various other individuals was hired by 3J and contracted by Big Lake to do farm work on Georgia Corn's property.

10.

One of the other individuals hired by 3J and contracted by Big Lake to do farm work on Georgia Corn's property was a person by the name of Sylvain Fedlerson, a man with an extensive criminal history.

11.

On the evening of October 27, 2018, and well after work had been done for the day, Richard Pierre was attacked by fellow farm worker Sylvain Fedlerson. This incident took place right outside of an apartment building on the farming property. Specifically, Richard Pierre was slammed on the concrete by Sylvain Fedlerson multiple times, causing a traumatic brain injury.

12.

Richard Pierre was transported to Donalsonville Hospital where he was treated for the grave injuries he sustained at the hands of Sylvain Fedlerson. After his condition worsened, Richard Pierre was transported to a Hospital in Dothan, Alabama. After a sad and painful month, Richard Pierre would succumb to his injuries on November 21, 2018.

13.

For his actions that night, Sylvain Fedlerson was charged with three (3) crimes in Seminole County Superior Court (Case No.: 19-00116). Those three (3) crimes were Felony Murder, Aggravated Battery and Possession of a Schedule I Controlled Substance.

14.

Sylvain Fedlerson was adjudicated GUILTY by the court for the Count of Aggravated Battery for his unlawful and malicious cause of bodily harm to Richard Pierre by causing a deformity by fracturing his skull. Sylvain Fedlerson was sentenced to twenty (20) years and is currently serving his sentence in the Georgia Correctional System.

## COUNT I:

## Negligence of 3J & ASSOCIATES, LLC

15.

Defendant 3J had a duty to supply qualified workers who would not be a danger or threat to anyone they came in contact with, including Richard Pierre. Especially, knowing that the workers would be together around the clock, even after work had been done.

16.

Defendant 3J had a duty to properly vet any potential workers. Specifically, 3J had a duty of ordinary care to see if any potential workers had criminal or violent backgrounds. Further, if such checkered histories were discovered, 3J had a duty of ordinary care to make sure such dangerous applicants were not hired.

17.

Defendant 3J breached its duties of ordinary care to Richard Pierre in the following particulars:

a. By failing to do any background check on Sylvain Fedlerson. Had they done a simple search with the Florida Department of Law Enforcement, they would have discovered that Fedlerson had been arrested seventeen (17) times in the eight (8) years leading up to his hiring. These included violent crimes such as "Robbery with a weapon", "Felony Battery", "Domestic Battery by Strangulation". Fedlerson had also been arrested for various Drug Charges, as well as "Grand Theft Auto", "Carjacking", "Burglary", "Trespassing", "Resisting Arrest", "Tampering with Evidence" and "Fraud".

b. By knowing that Fedlerson Sylvain had a violent and criminal background, and still hiring him and causing a danger to those around him. A breach that would cost Richard Pierre his life.

18.

President of 3J, Russell Reeves has actual knowledge of how dangerous farm labor camps can be for the workers. A now dissolved company Reeves used to run with Thomas Holt Jr (President of Big Lake and CFO of Georgia Corn) was sued for violent acts on the farm workers.

19.

Defendant 3J's actions and omissions proximately caused Richard Pierre's death, pain and suffering, and other damages.

## COUNT II:

### Negligence of BIG LAKE CONTRACTORS, INC.

20.

Defendant Big Lake had a duty of ordinary care to contract with companies that provided a safe environment for all the workers on the farm, including Richard Pierre.

21.

Defendant Big Lake had a duty of ordinary care to make sure the property where it did business was safe for all its workers and had adequate security and supervision for its workers, including Richard Pierre.

22.

Defendant Big Lake had a duty of ordinary care to make sure that the staffing company it used to provide workers took the proper precautions when hiring workers.

23.

Defendant Big Lake would have actual knowledge of whether the property where it did business was safe and had adequate security and supervision. This is because the President of Big Lake, Thomas C Holt, Jr is also the CEO, Secretary and CFO of Georgia Corn.

24.

Defendant Big Lake would have no problem finding out whether its staffing company 3J was properly vetting the workers it was supplying to the farm. This is because the President of Big Lake, Thomas C Holt Jr, has been in numerous business dealings with the President of 3J, Russell Reaves, for well over a decade.

25.

Defendant Big Lake had constructive or actual knowledge that 3J was not vetting the workers it was supplying and/or knowingly supplying dangerous individuals for work.

26.

Defendant Big Lake had constructive or actual knowledge that Georgia Corn was not providing a safe environment on its property. Defendant Big Lake had constructive or actual knowledge that Georgia Corn was not providing adequate security and supervision.

27.

Defendant Big Lake's actions and omissions proximately caused Richard Pierre's death, pain and suffering, and other damages.

## COUNT III

### Negligence of SOUTH GEORGIA CORN, INC.

28.

Defendant Georgia Corn had a duty to keep the premises safe for all its residents and workers, including Richard Pierre.

29.

Defendant Georgia Corn had a duty to provide adequate security and supervision for all its residents and workers, including Richard Pierre.

30.

Defendant Georgia Corn had a duty to make sure the workers it was bringing onto its property were not a danger to any residents or other workers.

31.

Defendant Georgia Corn had constructive or actual knowledge that 3J was not vetting the workers it was supplying and/or knowingly supplying dangerous individuals for work.

32.

Defendant Georgia Corn breached its duty of ordinary care by knowingly bringing to its property dangerous and violent individuals.

33.

Defendant Georgia Corn failed to provide a safe environment, security and supervision of its residents and workers.

34.

Defendant Georgia Corn's actions and omissions proximately caused Richard Pierre's death, pain and suffering, and other damages.

## DAMAGES SOUGHT

35.

The injuries and resulting death of Richard Pierre were the direct and proximate result of the negligence of Defendants 3J, Big Lake, and Georgia Corn. But for said negligence, Richard Pierre would not have suffered injuries and died. Defendants 3J, Big Lake, and Georgia Corn are liable for Richard Pierre's injuries, pain and suffering, the full value of his life pursuant to O.C.G.A. § 51-4-1 et seq., and all other elements of damage allowed under the laws of the State of Georgia.

36.

In addition to the full value of life action, pursuant to O.C.G.A. § 51-4-1 et seq, Plaintiffs also state their intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law via an Estate Claim, including but not limited to:

   a.  Personal injuries;

   b.  Pain and Suffering;

   c.  Mental anguish, fright, shock, and terror;

   d.  Loss of the enjoyment of life;

   e.  Wrongful death;

   f.  Damages for all elements of the full value of Richard Pierre's life, tangible and intangible;

   g.  Funeral expenses;

   h.  Incidental expenses;

   i.  Past, present, and future loss of earnings;

j.  Medical expenses; and

k.  Consequential damages to be proven at trial.

37.

Plaintiffs are entitled to recover punitive damages from Defendants 3J, Big Lake and

Georgia Corn, because the Defendants' actions and its agents and employees showed willful

misconduct, malice, fraud, wantonness, oppression, or an entire want of care which would raise

the presumption of conscious indifference to consequences. Accordingly, Plaintiffs are entitled

to recover punitive damages from Defendants 3J, Big Lake and Georgia Corn in an amount to be

determined by the enlightened conscience of an impartial jury.

38.

Defendants 3J, Big Lake and Georgia Corn's actions evidence a species of bad faith.

Defendants are stubbornly litigious and have caused Plaintiffs undue expense. Thus, Plaintiffs

are entitled to recover their necessary expenses of litigation, including an award of reasonable

attorneys' fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as

any other applicable statutory or common law basis.

WHEREFORE, Plaintiffs pray that:

a.  Process be issued as provided by law;

b.  Plaintiffs be awarded actual damages in amounts to be shown at trial;

c.  Plaintiffs be awarded the full value of Richard Pierre's life pursuant to O.C.G.A. §
    51-4-1 et seq.;

d.  Plaintiffs be awarded all general, special, compensatory, economic, punitive, and
    other allowable damages in accordance with the enlightened conscience of an
    impartial jury from the Defendants and as permitted under Georgia law;

e.  Plaintiffs have a trial by jury; and

f.  Plaintiffs have such other relief as this Court deems just and proper.

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.

Respectfully Submitted,

**WATSON LAW, LLC**

s/A. Zakiya Watson-Caffe
A.  Zakiya Watson-Caffe
Georgia Bar No.: 441773
800 Kennesaw Avenue NW, Ste. 220
Marietta, Georgia 30060
Tel.: (404) 600.1771
Email: zak@zwatsonlaw.com

11